## MATTICE *a.* GIFFORD.

*Supreme Court, Third District ; General Term, Dec.,* 1862.

### INJUNCTION.—ABSENCE OF COMPLAINT.

It is not indispensable to the validity of an injunction-order, that a complaint should precede or accompany the injunction.[*]

Requisites of a complaint to obtain an injunction, stated.

---

[*] In CUSHMAN *a.* FISCHER (*New York Common Pleas, Chambers, February,* 1863), it was *Held,* that, in an action in the New York Common Pleas against a non-resident, an attachment granted as a provisional remedy before the service of summons is regular.

Motion to set aside an attachment issued as a provisional remedy.

This action was brought by Robert Cushman and Paul Cushman against Herman Fischer, to recover $69.80, a balance of account for goods sold. An attachment was issued, as a provisional remedy, on an affidavit setting forth the cause of action, the non-residence of the defendant, and that the summons and complaint had been served. The defendant moved to set aside the attachment on an affidavit showing that no summons had been served at the time the attachment was issued, but that the summons was served and the attachment levied simultaneously.

*Frederic H. B. Bryan,* for the motion.

*Daniel T. Walden,* opposed, cited Gould *a.* Bryan (3 *Bosw.,* 626 ; overruling Fisher *a.* Curtis, 2 *Sandf.,* 660) ; Mills *a.* Corbett (8 *How. Pr.,* 500).

HILTON, J., denied the motion, with costs to abide event.

To authorize the issuing of an injunction, in an action commenced by summons alone, it is sufficient if it appear by affidavit that the complaint, when drawn, will state facts sufficient to warrant the order.

Appeal from an order denying a motion to vacate an injunction.

This action was brought by Cordelia Mattice against Aaron Gifford, Addison H. Hays, and William Hotchkiss. The facts are sufficiently stated in the opinion.

*Henry Smith*, for the appellants.

*Rufus W. Peckham, Jr.*, for the respondent.

By the Court.*—Hogeboom, J.—The sole question in this case is, whether it is indispensable to the validity of an injunction-order that a formal complaint in the action should precede or accompany the injunction. In this case, a summons was served, and the action commenced contemporaneously with the granting or service of the injunction; and such injunction was founded and granted upon an affidavit in the action, fully setting forth the facts and grounds justifying the same, and containing all the elements of a complaint, except its name and merely formal parts. It contains the title of the action, the place of trial therein, the names of the parties, the facts upon which the right to an injunction is based, the prayer for the injunction, and the allegation that the plaintiff is about to commence an action in this court against the defendants for an injunction upon the facts therein set forth. It contains, therefore, according to a special-term decision in this district (Morgan a. Quackenbush, 22 *Barb.*, 72), all the requisites of a complaint according to the 142d section of the Code, and is sufficient to support the injunction. It is supposed, by the defendants, that the terms of the 219th section of the Code are conclusive to show that a complaint, in form, must be one of the papers which is presented to the judge granting the order of injunction; inasmuch as it declares that "where it shall appear by the complaint that the plaintiff is entitled to the relief demanded," and such relief consists, in whole or in part, in restraining the commission

of certain acts, a temporary injunction may be granted to restrain such acts. But I think it sufficiently appears by the complaint that the plaintiff is entitled to such relief, when it appears by affidavit what the allegations in the complaint are, or will be, and what the nature of the cause of action and relief is therein set forth. The judge thus obtains knowledge of the specific allegations in the complaint, and that they are such as to justify an injunction. They are stated, it is true, in advance of the service of the formal complaint, but the end and object of the statute is answered, which is to know that the action is commenced for the purpose of obtaining an injunction, and that the case will show a *prima-facie* right to such relief, and the pleadings will involve an investigation of matters pertaining to such an issue. Hence, it may be said, that in effect it appears by the complaint that the plaintiff's complaint justifies the injunction-order. Nor do I perceive any practical injury which can result to the defendants from such a construction. If, in fact, the complaint actually thereafter served shall not correspond with the allegations in the affidavit in substance and effect, it will fail to show a right to the injunction, and the latter will be dissolved or vacated on a motion for that purpose. If the plaintiff is dilatory in serving his complaint, the rules and practice of the court furnish ample means for expediting the plaintiff's proceedings. And there may be in many cases an apparent necessity, at all events a great convenience, in obtaining an injunction, when the case is urgent, upon affidavit, without waiting the time essential to perfect and verify a formal complaint. The practice, therefore, is not likely to be attended with injurious, but with beneficial results. This construction is fortified by other sections of the Code. Section 218 allows an injunction. Section 220 declares that " the injunction may be granted at the time of commencing the action, or at any time afterwards, before judgment, upon its appearing satisfactorily to the court or judge, by the affidavit of the plaintiff, or of any other person, that sufficient grounds exist therefor. A copy of the affidavit must be served with the injunction." This is the controlling section on this subject. The right to the injunction must appear by affidavit, and then it may issue. A copy of the affidavit (not necessarily of the complaint) must be served with the injunction. The plaintiff is not bound to serve his

complaint with the injunction. The complaint is for the inspection of the judge, that he may know that the injunction is justified by the facts set forth therein. This is as well accomplished by a positive affidavit of its contents as by the actual exhibition of the paper itself. This, in substance, has been done, and the ends of the law are answered. I see no prospect of abuse by tolerating this practice, and I think it justified by the spirit, if not the strict letter of the law.

I am of the opinion that the order of the special term should be affirmed, but, as the question is new, without costs.